# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDNA BARNES,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 13-5490** |
| **ALLSTATE INSURANCE COMPANY, et al.** | **SECTION "E"** |
| **Defendants** | |

## ORDER & REASONS

The Court has before it a motion for summary judgment filed by Defendants William Craig Fugate and FEMA, which Plaintiff Edna Barnes opposes.[1] The Court has reviewed the briefs and the law and now issues this Order and Reasons granting the motion for summary judgment.

## BACKGROUND

This case arises out of a Standard Flood Insurance Policy ("SFIP") issued by FEMA insuring Plaintiff's home in LaPlace, Louisiana.[2] After her home was damaged in Hurricane Isaac, Plaintiff timely notified FEMA of the loss and FEMA sent an independent adjuster to inspect the property. The adjuster recommended a total payment of $56,062.34, divided between the various coverages available under the policy. Plaintiff timely submitted a signed and sworn proof of loss for the full $56,062.34 recommended by the adjuster. It is undisputed that FEMA paid the $56,062.34 covered by the first proof of loss.

---

[1] R. Docs. 19, 22, 25.

[2] Plaintiff did not submit a response to the statement of undisputed material facts and concedes that facts "regarding the claims process, coverage available, and dates of proof of loss submissions remains largely undisputed," leaving only a question of law. *See* R. Doc. 22 at 1.

Plaintiff then submitted receipts in support of additional payments for replacing a refrigerator and removing damaged contents. The adjuster recommended paying an additional $1,992.11 on that claim. Plaintiff submitted a second signed, sworn proof of loss in the amount of $1,992.11, which FEMA again paid in full. According to the undisputed record, Plaintiff did not submit a third proof of loss after that final payment.

Plaintiff then filed this lawsuit pursuing additional payments under her flood insurance policy. After several amendments, Plaintiff named FEMA and its Administrator as Defendants. Defendants now move for summary judgment, contending that Plaintiff did not comply with the terms of her SFIP by submitting a sworn proof of loss for any additional disputed amounts, thus barring this lawsuit.

## STANDARD

A motion challenging an insured's compliance with the SFIP proof-of-loss requirement is "inseparable from the merits" and therefore treated as a motion for summary judgment where, as here, it depends on matters outside the pleadings. *See Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1985). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Because the facts are undisputed and this motion presents only a question of law, resolution on summary judgment is appropriate. *See Sheline v. Dun & Bradstreet Corp.*, 948 f.2d 174, 176 (5th Cir. 1991).

## ANALYSIS

Flood insurance issued pursuant to the National Flood Insurance Program, such as Plaintiff's policy in this case, are in the form of the SFIP. *See Gowland v. Aetna*, 143 F.3d

2

951, 953 (5th Cir. 1998). "[N]o provision of the [SFIP] can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator." *Id.* The policy requires insureds to submit proofs of loss containing, *inter alia*, a sworn "statement of the amount you are claiming under the policy":

> In case of a flood loss to insured property, you must:
> ...
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of **the amount you are claiming** under the policy signed and sworn to by you, and which furnishes us with [specified information regarding the claim].
> 5. In completing the proof of loss, you must use your own judgment concerning **the amount** of the loss and justify **that amount**.

44 C.F.R. pt. 61, App. A(1), art. VII(J) (emphasis added). The SFIP explicitly warns policyholders that "[y]ou may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." *Id.* at art. VII(R).

"[S]trict adherence is required to all terms of the SFIP." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). In particular, "failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954. Thus, it is well settled that "an insured must file a sworn proof of loss before seeking damages in excess of the amount paid by the insurer." *Kidd v. State Farm Fire & Cas. Co.*, 392 F. App'x 241, 244 (5th Cir. 2010).

Defendants' argument for summary judgment is straightforward. It is undisputed that Plaintiff submitted two sworn proofs of loss for specific amounts and was paid in full for the amounts she claimed in those proofs of loss. Without having filed an additional proof of loss claiming any additional amounts, Defendants argue, Plaintiff has not complied with the requirements of the SFIP and she cannot bring this lawsuit for additional payment

under her policy.

Defendants are correct. "[A]n insured must file a sworn proof of loss before seeking damages ***in excess of the amount paid*** by the insurer." *Kidd*, 392 F. App'x at 244 (emphasis added). FEMA paid every amount Plaintiff claimed in a sworn proof of loss and Plaintiff did not submit a third sworn proof of loss for any additional amounts, so she is barred from bringing this lawsuit. The SFIP simply does not permit Plaintiff to sue for additional amounts not included in a required sworn proof of loss.

Plaintiff's arguments in opposition to summary judgment are unconvincing. Essentially, she contends that the two proofs of loss she did file preserved the "claims" for damage to her house and contents and satisfied the SFIP preconditions to suit, and she was not required to submit a third proof of loss merely to dispute the amounts she was paid on those "claims."[3] It is true that an insured may sue for amounts claimed in a proof of loss but rejected by the insurer, but that is not the situation in this case.

Plaintiff misreads the Fifth Circuit opinions in *Richardson v. American Bankers Insurance Co. of Florida* and *Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Company*. In *Richardson*, the plaintiff received a payment in the amount recommended by his flood policy adjuster pursuant to a limited waiver of the proof-of-loss requirement after Hurricane Katrina. *See* 279 F. App'x 295, 298 (5th Cir. 2008). But his suit for additional payments was barred because he never "submitt[ed] a sworn proof of loss ***for the additional sums***" he claimed he was owed. *See id.* (emphasis added). Likewise in *Marseilles*, it was the plaintiff's failure to submit a sworn proof of loss for amounts above what the insurer had already paid that barred the lawsuit. *See* 542 F.3d

---

[3]R. Doc. 22 at 4-5.

4

1053, 1056 (5th Cir. 2008). Thus, in *Richardson* and *Marseilles* it was not the categorical failure to submit any proof of loss that precluded suing, but the failure to submit a proof of loss *for the amounts claimed in the lawsuit*. Neither case held or implied, as Plaintiff argues, that a proof of loss which is paid in full can "preserve" her right to sue for more than the amount claimed and paid. *See also Kidd*, 392 F. App'x at 244.

Plaintiff also relies on the reasoning in *Stogner v. Allstate Insurance Co.*, but that case is factually inapposite. In *Stogner*, the plaintiff suffered flood losses in 2005 and 2008. 2010 WL 148291, at *1 (E.D. La. Jan. 11, 2010). When the plaintiff submitted a proof of loss for the 2008 incident, the insurer disputed the documentation regarding whether the 2005 damage had been repaired and therefore paid only $6,171, and the plaintiff later filed suit. *See id.* The *Stogner* court recognized that "it is clear that supplementary proofs of loss are required when a claimant requests **more** in the supplementary claim than in the original claim." *See id.* at *4; *see also id.* at *3 (emphasis added) (citing *Sutor v. FEMA*, 2009 WL 4268457, at * 5 (E.D. Pa. Nov. 23, 2009) ("[P]olicyholders may not bring suit to recover an amount not claimed in a proof of loss.")). But the *Stogner* court denied summary judgment because it was not apparent from the record whether the lawsuit was for "the same amount" claimed in the 2008 proof of loss (but not paid in full), or if it was for more, which would require another proof of loss. *See id.*[4] *Stogner* does not help

---

[4] If a proof of loss is paid in part and rejected in part, as may have been the case in *Stogner*, an insured may "exercise rights" under the policy, which includes the right to sue (assuming compliance with all other requirements):
> If we reject your proof of loss in whole or in part you may:
> a. Accept our denial of your claim;
> b. Exercise your rights under this policy; or
> c. File an amended proof of loss as long as it is filed within 60 days of the date of the loss.

44 C.F.R. pt. 61, App. A(1), art. VII(M)(2). The converse of that proposition would seem to be that a plaintiff who does not have a proof of loss rejected in whole or in part—for

5

Plaintiff because in this case there is no factual question as to whether Plaintiff's proofs of loss were paid in full, and thus any claim asserted in this lawsuit necessarily is for amounts exceeding that claimed in the proofs of loss.

To sum up, Plaintiff filed two proofs of loss claiming specific amounts owed under her flood insurance policy.  FEMA paid those amounts in full.  Plaintiff did not submit a third proof of loss claiming any additional amounts owed.  She was required to do so by the terms of the SFIP as a condition precedent to bringing this suit.  Accordingly, Defendants are entitled to summary judgment.  This is consistent with the majority of decisions from other sections of this Court.  *See Bechtel v. Lighthouse Prop. Ins. Co.*, No. 13-5289, 2014 WL 1389631 (E.D. La. Apr. 1, 2014); *Morin v. Am. Bankers Ins. Co. of Fla.*, No. 13-5972, 2014 WL 949424 (E.D. La. Mar. 10, 2014); *Clark v. FEMA*, No. 13-5232, 2014 WL 527655 (E.D. La. Feb. 7 2014); *Fowl v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 12-283, 2013 WL 392599 (E.D. La. Jan. 31, 2013).

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 14th day of April, 2014.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

example, if the amount claimed is paid in full—may *not* exercise rights under the policy and thus may not sue.  Defendants did not assert this policy language as an additional basis for summary judgment, and so the Court does not rely on it.